HUTTON V. PAYNE



NO. 07-00-0577-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



MAY 17, 2001


______________________________



JOHN EDWARD MAPP, JR.



 Appellant


V.



THE STATE OF TEXAS 




 Appellee

_________________________________



FROM THE 262ND DISTRICT COURT OF HARRIS COUNTY;



NO. 847675; HON. MICHAEL ANDERSON, PRESIDING


_______________________________



ORDER DIRECTING FILING OF REPORTER'S RECORD


________________________________



Before BOYD, C.J., and QUINN and REAVIS, JJ.

 Appellant, John Edward Mapp, Jr., appeals his conviction for failure to register as
a sex offender. Sentencing was imposed on November 15, 2000, wherein appellant
received 25 years confinement in the Texas Department of Criminal Justice, Institutional
Division. Notice of appeal was timely filed in the trial court on November 15, 2000. 
Thereafter, appellant's counsel filed a motion for new trial on December 6, 2000, making
the appellate record due on March 15, 2001, pursuant to Tex. R. App. P. 35.2(b). The
clerk's record was subsequently filed on March 12, 2001, and the reporter was initially
given a thirty day extension to April 16, 2001. On May 11, 2001, this Court received a
request from Myrna Hargis, the official court reporter, asking that we grant her an
extension until August 16, 2001, to prepare the record. To date, approximately sixty days
have lapsed since the original due date to file the reporter's record.

 Accordingly, we order Myrna Hargis, the official court reporter for the 262nd District
Court of Harris County, to transcribe and file with the Clerk of this Court a reporter's record
as required by the Texas Rules of Appellate Procedure and encompassing the trial had
in cause number 847645. Said record shall include all argument, evidence, and exhibits
presented to the court during trial as well as any pre-trial and post-trial hearings conducted
by the court in said cause. We further order Myrna Hargis to file the complete reporter's
record in a manner by which it will be received by the Clerk of this Court on or before 5:00
p.m. on June 18, 2001. No further motions for extension of time will be considered. Lastly,
the failure to file the reporter's record by the date stated herein may result in a hearing
requiring Ms. Hargis to show cause why she should not be held in contempt, a complaint
to the body governing certified court reporters, appropriate sanctions, or abatement and
remand to the trial court for appropriate action.

 It is so ordered.

 Per Curiam 


Do not publish.



 amended order granting a
temporary injunction; (2) the order, however, did not set a hearing date. On December 22,
Bennie filed a motion to modify the amended order to include a hearing date. A modified
order setting a hearing for January 30, 2004, was signed by the trial court. Represented
by counsel, Double Ace, filed a notice of accelerated appeal challenging the amended
order of November 25. Donna did not file a notice of appeal. (3) 

 Double Ace's appellate counsel and Donna, acting pro se, filed a joint brief on
December 18, 2003. Before we commence our analysis of the issues, we first address
Donna's status as a party to this appeal.

Donna Pope


 Although the filing of a notice by any party invokes the jurisdiction of this Court over
all parties, because Donna seeks to modify or alter the trial court's order she was required
to perfect her appeal by filing a notice of accelerated appeal either individually or jointly
with Double Ace if their interests were aligned. See Tex. R. App. P. Rule 25.1(b) and (c). 
Donna did not file a notice of any kind and the notice filed herein is not designated as a
joint notice. Accordingly, issues three and four, which pertain only to Donna, are not before
us.

Double Ace 


 By the issues that remain, Double Ace contends (1) the temporary injunction orders
are void for failing to set a hearing date as required by Rule 683 of the Texas Rules of Civil
Procedure; (2) the petition for temporary injunction was denied upon entry of the final
judgment denying all relief not expressly granted therein; and (5) the trial court abused its
discretion in granting a temporary injunction against Double Ace.

 Double Ace contends the November 25 order is void because it did not set a hearing
date as required by Rule 683 of the Texas Rules of Civil Procedure. We disagree. By the
last two paragraphs of the order, the trial court provided:

 The Court finds that this temporary injunction is necessary because the
Counter-Defendants, Double Ace, Inc., Alyssa Pope Womack, Matthew
Pope, and Donna Pope have engaged in a course of action involving the
withdrawal of excessive funds from Double Ace, Inc. which were beneficial
to the individuals and detrimental to Double Ace, Inc. and further, the
individual Counter-Defendants have engaged in mismanagement which has
resulted in jeopardy to the financial condition of Double Ace, Inc. and in
reasonable probability, if such conduct is not enjoined will render the
corporation insolvent. 

 

 This temporary injunction is issued ancillary to the Court's power to protect
its jurisdiction over the subject matter of this suit and its power to enforce its
judgments as a part of post-trial proceedings and this order shall continue in
effect so long as this Court retains plenary power over this proceeding, or
enforcement proceedings issued, pursuant to any judgment entered in this
proceeding.


 As judgment creditors, Bennie and Deardorff were entitled through injunction or
other means to obtain satisfaction on the judgment. See Tex. Civ. Prac. & Rem. Code
Ann. § 31.002 (Vernon Supp. 2004-05). The typical requirements for an injunction are not
applicable to an injunction granted pursuant to section 31.002. Roosth v. Roosth, 889
S.W.2d 445, 460 (Tex.App.--Houston [14th Dist.] 1994, writ denied). Thus, Rule 683 of the
Texas Rules of Civil Procedure is not controlling. Issue one is overruled.

 By its second issue, Double Ace contends the petition for temporary injunction was
denied upon entry of the final judgment denying all relief not expressly granted. We
disagree. Although the final judgment was signed on November 3, 2003, the challenged
order was not signed until November 25. In adopting the turnover statute, the Legislature
intended to facilitate the collection of assets by a judgment creditor from a judgment
debtor. Republic Ins. Co. v. Millard, 825 S.W.2d 780, 783 (Tex.App.--Houston [14th Dist.]
1992 , no writ). Section 31.002(d) of the Code expressly authorizes an injunction or other
relief in the same proceeding in which judgment is rendered or in an independent
proceeding. Issue two is overruled.

 By its fifth issue, Double Ace contends the trial court abused its discretion in
granting a temporary injunction against it. We disagree. As above noted, the turnover
statute facilitates collection of assets by a judgment creditor from a judgment debtor. 
Millard, 825 S.W.2d at 783. Although the granting of turnover relief is reviewed for abuse
of discretion, the trial court's decision to grant injunctive relief to Bennie and Deardorff
without a hearing or presentation of evidence was not unreasonable or arbitrary and thus
was not an abuse of discretion. The trial court had previously heard evidence at the trial
on the merits. See Sivley v. Sivley, 972 S.W.2d 850, 862 (Tex.App.--Tyler 1998, no writ). 
Issue five is overruled.

 Accordingly, the trial court's order granting a temporary injunction is affirmed.

 Don H. Reavis

 Justice


 







1. The appeal of the merits is pending in Cause No. 07-04-00429-CV.
2. As material here, the order enjoined Double Ace and Donna from the withdrawal
or transfer of the funds of Double Ace, Inc. except for essential farming expenses, etc., the
sale or encumbering any of the assets of Double Ace, Inc., and other actions more fully set
out in the order.
3. After receiving notice that Double Ace, Inc. had filed a chapter 12 bankruptcy
proceeding, we abated this appeal pursuant to Rule 8.2 of the Texas Rules of Appellate
Procedure. Upon receiving notice that the automatic stay had been lifted, the appeal was
reinstated per Rule 8.3.